1   SEYFARTH SHAW LLP
    Michael J. Burns (SBN 172614)
2   E-mail: mburns@seyfarth.com
    560 Mission Street, 31st Floor
3   San Francisco, California  94105
    Telephone:  (415) 397-2823
4   Facsimile:  (415) 397-8549

5   Attorneys for Defendant
    GENCO I, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                              FRESNO

11  ROBERT MEDRANO and ALBERT LANDA, )   Case No. 10-CV-01555-LJO-SKO
                                     )
12             Plaintiffs,           )   **DEFENDANT GENCO I, INC.'S**
                                     )   **OPPOSITION TO PLAINTIFFS'**
13        v.                         )   **MOTION FOR REMAND**
                                     )
14  GENCO SUPPLY CHAIN SOLUTIONS aka )
    GENCO DISTRIBUTION SYSTEM and    )
15  GENCO, INC.; RICHARD HAMLIN, and )   Date:    December 15, 2010
    DOES 1 through 100, inclusive,   )   Time:    9:30 a.m.
16                                   )   Dept:    Courtroom 8
               Defendants.          )   Judge:   Magistrate Sheila K. Oberto
17                                   )
                                     )
18                                   )   Complaint Filed: July 9, 2010

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

Table of Authorities ..................................................................................................... iii

I.      Introduction and Summary of Argument ........................................................... 1

II.     Procedural Background ...................................................................................... 1

III.    Legal Argument ................................................................................................. 1

    A.   Jurisdiction With This Court Is Proper Because Hamlin Is A "Sham" Defendant ................................................................................................. 1

        1.   Plaintiff Medrano's Allegation Of Harassment Directed At Third Parties Is Insufficient To State A Claim for Harassment Under California Law ............................................................................... 2

        2.   Plaintiff Medrano's Allegations Of "Visual" Harassment Are Insufficient To State A Claim For Harassment Under California Law .............................................................................................. 4

    B.   Plaintiffs' Trivial Procedural Arguments Also Fail To Establish That Jurisdiction Rests With the State Court. .................................................... 6

        1.   Plaintiffs' Motion Should Be Denied Because Genco Did Not Waive Its Right To Removal By Filing An Answer In State Court ........... 6

        2.   Plaintiffs' Motion Should Be Denied Because Hamlin Was Not Required To Consent To Join In The Removal ................................ 7

           a.   Hamlin Was Not Required To Consent To The Removal Because Parties Not Served Properly Need Not Join In A Notice Of Removal ..................................................................... 7

           b.   Hamlin Was Not Required To Consent To Removal Because Fraudulent Or Nominal Parties Need Not Join In A Notice of Removal ......................................................... 9

           c.   Alternatively, If Hamlin Was Required To Consent To Removal, Removal Is Proper Because Any Defect In Joinder Can Be Cured ....................................................... 10

        3.   Plaintiffs' Motion Should Be Denied Because Genco's Removal Was Timely Filed ........................................................................... 11

           a.   Plaintiffs' Timeliness Argument Fails Because Genco Has Not Been Served Process ................................................... 11

           b.   Plaintiffs Are Estopped From Arguing Genco's Removal Was Not Timely .......................................................... 12

           c.   Plaintiffs Timeliness Argument Fails Because Plaintiffs Did Not Serve Genco Properly Under The California Code Of Civil Procedure ................................................... 13

1

                  d.      Plaintiffs' Timeliness Argument Fails Because Genco Filed
Its Removal Within Thirty Days Of Service on Hamlin................14

2

    C.    There Is No Basis To Award Plaintiffs Attorney's In Connection With

3

            Genco's Removal.................................................................................15

4

IV.    Conclusion ...........................................................................................17

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Opposition to Plaintiffs' Motion for Remand; Case No. 10-CV-01555-LJO-SKO

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

**FEDERAL CASES**

3

*Andrews v. City of Philadelphia,*
    895 F.2d 1469 (3d Cir. 1990)................................................................................5

*Beighley v. FDIC,*
    868 F.2d 776 (5th Cir. 1989) ...............................................................................6

*Bennett v. Corroon & Black Corp.,*
    845 F.2d 104 (5th Cir. 1988) ...............................................................................5

*Blanks v. Lockheed Martin Corp.,*
    568 F. Supp. 2d 740 (S.D. Miss 2007)...........................................................2, 15

*Cachet Residential Builders v. Gemini Ins. Co.,*
    547 F. Supp. 2d 1028 (D. Ariz. 2007) .................................................................8

*Carpenter v. Illinois Central Gulf R.R. Co.,*
    524 F.Supp. 249, 251 (M.D. La. 1981 ................................................................7

*Caterpillar, Inc. v. Lewis,*
    519 U.S. 61 (1996).............................................................................................10

*City of Clarksdale v. BellSouth Telecomm., Inc.,*
    428 F.3d 206 (5th Cir. 2005) .............................................................................11

*Colin K. v. Schmidt,*
    528 F. Supp. 355 (D.R.I. 1981)..........................................................................11

*Diaz v. Kaplan Univ.,*
    567 F. Supp. 2d 1394 (S.D. Fla. 2008) ...............................................................9

*General Phoenix Corp. v. Malyon,*
    88 F. Supp. 502 (S.D.N.Y. 1949) ........................................................................7

*Hewitt v. City of Stanton,*
    798 F.2d 1230 (9th Cir. 1986) .............................................................................9

*Lathigra v. British Airways PLC,*
    41 F.3d 535 (9th Cir. 1994) ...............................................................................15

*Lipsett v. University of Puerto Rico,*
    864 F.2d 881 (1st Cir. 1988).................................................................................5

*Martin v. Franklin Capital Corp.,*
    546 U.S. 132 (2005).............................................................................................15

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) .................................................................2, 9, 10

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999).................................................................7, 11, 12, 14

*Parrino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998) .................................................................10

*Patee v. Pac. N.W. Bell Tel.*,
   803 F.2d 476 (9th Cir. 1986) .................................................................3

*Prize Frize, Inc. v. Matrix (US) Inc.*,
   167 F.3d 1261 (9th Cir. 1999) .................................................................9

*Proctor v. Vishay Intertechnology Inc.*,
   584 F.3d 1208 (9th Cir. 2009) .................................................................11

*Pronin v. Raffi Custom Photo Lab, Inc.*,
   383 F. Supp. 2d 628 (S.D.N.Y. 2005).................................................................3, 4

*Resolution Trust Corp. v. Bayside Developers*,
   43 F.3d 1230 (9th Cir. 1994) .................................................................6

*Rico v. Flores*,
   481 F.3d 234 (5th Cir. 2007) .................................................................9

*Ritchey v. Upjohn Drug Co.*,
   139 F.3d 1313 (9th Cir. 1998) .................................................................9

*Robinson v. Jacksonville Shipyards, Inc.*,
   760 F. Supp. 1486 (M.D. Fla. 1991).................................................................5

*Salveson v. Western States Bankcard Ass'n*,
   731 F.2d 1423 (9th Cir. 1984) .................................................................7

*Schmitt v. Ins. Co. of
   No. Am.*, 845 F.2d 1546 (9th Cir. 1988) .................................................................15

*Treadwell v. IPC Int'l Corp.*,
   302 Fed. Appx. 595 (9th Cir. 2008).................................................................2, 3, 4

*United Computer Sys., Inc. v. AT&T Info. Sys., Inc.*,
   298 F.3d 756 (9th Cir. 2002) .................................................................9

*Vendetti v. Schuster*,
   242 F. Supp. 746 (W.D. Pa. 1965).................................................................7

*Ward v. RTC*,
   972 F.2d 196 (8th Cir. 1992) .................................................................6

iv

1

STATE CASES

2

3

*Beyda v. City of Los Angeles,*
    65 Cal. App. 4th 511, 519 (1998) ................................................................3, 4

4

*Espindola v. Nunez,*
    199 Cal. App. 3d 1389 (1988) .......................................................................9

5

6

*Lyle v. Warner Bros. Television Prods.,*
    38 Cal. 4th 264 (2006) ...........................................................................2, 4, 5

7

FEDERAL STATUTES

8

28 U.S.C. § 1446(b) ...........................................................................................11

9

28 U.S.C. § 1447(c) ...........................................................................................15

10

STATE STATUTES

11

12

Cal. Code. Civ. P. § 415.20(b) ......................................................................8, 14

Cal. Code Civ. P. § 416.10.........................................................................13, 14

13

14

REGULATIONS

15

Cal. Code of Regs. tit. 2 § 7287.6(b)(1)................................................................5

16

OTHER AUTHORITIES

17

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 2:881.1
    (The Rutter Group 2010) ...............................................................................7

18

19

20

21

22

23

24

25

26

27

28

v

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' motion for remand is nothing more than a transparent attempt to continue to avoid federal jurisdiction where it clearly exists.  As Defendant has established in its Notice of Removal, this Court properly has jurisdiction based on diversity of citizenship because Richard Hamlin ("Hamlin") is a classic "sham defendant" whom Plaintiff fraudulently joined to prevent removal.  Simply put, Plaintiff Roberto Medrano ("Medrano") did not and cannot state a claim for sex harassment against Hamlin.  Because Hamlin was improperly named as a defendant in this matter, and because Plaintiffs' procedural arguments lack merit, Genco respectfully requests that the Court deny Plaintiffs' motion to remand.

### II.   PROCEDURAL BACKGROUND

On July 9, 2010, Medrano and Alberto Landa ("Landa") (collectively "Plaintiffs") filed a Complaint for Damages and Injunctive Relief ("Complaint") in the Superior Court for the County of Fresno.  On July 23, 2010, Plaintiffs filed a First Amendment to Complaint for Damages and Injunctive Relief ("Amendment").  Because Plaintiffs' counsel did not know when Defendants were served, he advised defense counsel that they could file a responsive pleading up and until August 31st or September 1st, 2010.

In reliance thereon, on August 26, 2010, Genco filed an Answer to the Complaint ("Answer").  On August 27, 2010, Genco (along with Hamlin's approval) filed a Notice of Removal [Diversity Jurisdiction] ("Removal").  Plaintiffs thereafter filed their Motion to Remand Action to the Superior Court, State of California, County of Fresno and for Just Costs and Actual Expenses, Including Attorney's Fees ("Motion") on September 24, 2010.

### III.   LEGAL ARGUMENT

#### A.   Jurisdiction With This Court Is Proper Because Hamlin Is A "Sham" Defendant

On the face of the Complaint (and on the face of Plaintiffs' Motion), it is evident that Hamlin is a "sham" defendant.  Plaintiffs exhaustively argue that Hamlin sexually harassed Medrano by "subject[ing him] to third party visual and physical harassment, including lewd or

1

1    salacious gestures and comments." (Pls.' Mot. at 8:6-8.) Plaintiffs then point to an allegation in

2    the administrative complaint filed with the California Department of Fair Employment and

3    Housing ("DFEH") that the above-mentioned harassment was "daily." (Pls.' Mot. at 8:10-17.)

4           Even in the light most favorable to Plaintiff Medrano, he cannot state a claim for sex

5    harassment under well-settled California and Federal law. In order to avoid this certainty,

6    Plaintiffs argue that a "Court cannot not [sic] pre-try substantive factual issues in order to answer

7    discrete threshold questions of whether the joinder of an in-state defendant is fraudulent." (Pls.'

8    Mot. at 7:22-23.) However, this Court need not "pre-try substantive factual issues" to determine

9    that no claim for sex harassment can be stated against Hamlin. *See Morris v. Princess Cruises,*

10   *Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). *Morris* is instructive.

11          In that case, the Ninth Circuit determined that a co-defendant had been fraudulently

12   joined because the plaintiff's failure to allege facts sufficient to state a claim for negligent

13   misrepresentation was "obvious according to settled law." *Id.* at 1068. Consequently, this Court

14   need only find that, according to settled law, it is obvious that Medrano's allegations as set forth

15   in the Complaint are insufficient to state a claim for harassment under California Fair

16   Employment and Housing Act ("FEHA").

17          This is a simple burden to meet.

18          **1.    Plaintiff Medrano's Allegation Of Harassment Directed
                    At Third Parties Is Insufficient To State A Claim for**
19          **     Harassment Under California Law**

20          Plaintiffs first argue that this matter should be remanded because Medrano based his

21   claim of harassment on the alleged hostile work environment created by harassment of third

22   party employees. This argument is without merit.

23          First and foremost, Medrano cannot base his claim of a hostile work environment on the

24   purported harassment of a protected class of which he is not a member — indeed, in order for

25   sex harassment to be actionable it has to be based on sex.[1] *Treadwell v. IPC Int'l Corp.*, 302

26

27          [1]    *See Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 281 (2006) ("'conduct
     tending to demonstrate hostility towards a certain group' is relevant to show discrimination against an
28   employee *who is a member of that group*") (emphasis added); *see also Blanks v. Lockheed Martin Corp.*,
     568 F. Supp. 2d 740, 743 (S.D. Miss 2007) ("a plaintiff lacks standing to recover for injury *to third*

                                                        2

1   Fed. Appx. 595, 595-96 (9th Cir. 2008) and *Pronin v. Raffi Custom Photo Lab, Inc.*, 383 F.

2   Supp. 2d 628, 635 (S.D.N.Y. 2005) provide the Court with guidance on this issue.

3         In *Treadwell*, the Ninth Circuit affirmed dismissal of a male employee's claim of a

4   hostile work environment based on harassment of female co-workers. 302 Fed. Appx. at 595-96.

5   Applying FEHA, the court held that the male employee lacked standing to bring a claim of

6   harassment against a fellow male employee for his alleged sexual harassment of female

7   employees. *Id.*

8         Likewise, in *Pronin*, the federal district court held that a male employee's allegation of

9   abuse suffered by a female co-worker was insufficient to show a hostile work environment for

10  the male employee. 383 F. Supp. 2d at 635. The court acknowledged that other circuit courts,

11  including the Ninth Circuit, "have explicitly held that a plaintiff lacks standing to allege injury to

12  third-parties from discrimination based on their protected classes, where plaintiff does not belong

13  to that class." *Id.* at 635, n.6 (citing, *inter alia, Patee v. Pac. N.W. Bell Tel.*, 803 F.2d 476, 478

14  (9th Cir. 1986)).

15        Here, Medrano's harassment claim against Hamlin is predicated on the alleged

16  harassment of women — not men. Under *Treadwell* and *Pronin*, Medrano lacks standing to

17  pursue a claim of a hostile work environment based on harassment of women because he "does

18  not belong to that class."

19        In their Motion, Plaintiffs offer nothing of import to counter Genco's argument that

20  Medrano cannot base his cause of action for harassment on the alleged harassment of third

21  parties. Plaintiffs' only argument is that "California recognizes that such evidence [of harassing

22  conduct not directed toward Plaintiff] does bear on a sexual harassment plaintiff's claims." (Pls.'

23  Mot. at 9:17-19.) In support, Plaintiffs cite *Beyda v. City of Los Angeles*, stating that "a

24  reasonable person may be affected by knowledge that other workers are being harassed in the

25  workplace, even if he or she does not personally witness the conduct." 65 Cal. App. 4th 511,

26  519 (1998). In *Beyda*, however, the plaintiff, a woman, argued that evidence of harassment of

27  _____

28  *parties* from discrimination based on their protected classes, where plaintiff does not belong to that class"
    (emphasis in original)).

1    other *women* in her workplace should be admitted to prove a hostile work environment. *Id.* at

2    516. The court in *Beyda* specifically noted that a "*woman's* perception that her work

3    environment is hostile to *women* will obviously be reinforced if she witnesses the harassment of

4    other *female* workers." *Id.* at 519 (emphasis added). The effect that the harassment of other

5    women had on plaintiff was therefore only relevant to show her "perception of the hostility of the

6    work environment" because she, too, was a woman who had to face the same environment.[2] *Id.*

7    Unlike the plaintiff in *Beyda*, Medrano did not face an environment in which he was subjected to

8    purported harassment of others in the same protected class.

9            Indeed, Medrano has *not* alleged that Hamlin sexually harassed other men. Medrano

10   therefore cannot show that his perception of his work environment was hostile toward *men* based

11   on the harassment of other *male* workers. The harassment as alleged by Medrano, even if

12   directed toward Medrano's wife and stepdaughter, is undeniably directed toward women. Under

13   established California law as stated in *Lyle* and *Beyda*, Medrano has not alleged facts sufficient

14   to state a cause of action against Hamlin. And under *Treadwell* and *Pronin*, he likewise lacks

15   standing to allege sexual harassment based on a hostile work environment theory.

16                   **2.     Plaintiff Medrano's Allegations Of "Visual"**
                             **Harassment Are Insufficient To State A Claim For**
17                           **Harassment Under California Law**

18           Plaintiffs also argue this case should be remanded because Medrano can support his

19   claim of "visual" harassment. This argument is also without merit. Medrano has not alleged

20   facts sufficient to show he was subjected to any form of "visual harassment" under California

21   law. To the extent that the Complaint can be construed to state that Medrano was personally

22   harassed, the only conceivable allegation of harassment is that Medrano witnessed Hamlin

23           [2] /     Moreover, Plaintiffs fail to acknowledge that the California Supreme Court specifically
24   refused to address the quote from *Beyda*. *See Lyle*, 38 Cal. 4th at 285, n.7. In fact, the Superior Court in
     *Lyle* chose to cite a different passage from *Beyda*, stating that "if the plaintiff does not witness the
25   incidents involving others, 'those incidents cannot affect…her perception of the hostility of the work
     environment.'" *Id.* at 285. Passing on the opportunity to address the dicta in *Beyda*, the California
26   Supreme Court impliedly rejected the possibility that it stands for the blanket statement now proposed by
     Plaintiffs. Indeed, if Medrano's reading of *Beyda* was followed, every employee of every business would
27   have standing to sue for a hostile work environment even if that employee was neither personally
     harassed nor feared harassment because other employees of his or her sex were being harassed on the
28   basis of sex. Such a reading goes against well-established principles of standing and a plaintiff's ability
     to seek redress for injuries allegedly inflicted on himself or herself.

                                                      4

1   "lewdly discussing and demonstrating the sucking jelly from a donut in plaintiff MEDRANO's

2   presence in response to a question from a female employee." (Pls.' Mot. at 8:21-22.)

3          Plaintiffs purportedly allege that this one example suggests that Medrano was subjected

4   to "visual" harassment. In doing so, Plaintiffs cite Cal. Code of Regs. tit. 2 § 7287.6(b)(1)

5   (2010) which provides examples of "visual forms of harassment" as "derogatory posters,

6   cartoons, or drawings." Inexplicably, Plaintiffs interject additional "examples" not included in

7   the regulations, stating that the regulations support a finding of visual harassment based also on

8   "lewd gestures or leering." (Pls.' Mot. at 8:9.) Plaintiffs also provide no authority for their

9   additional purported types of "daily" visual harassment, and there is no basis for their argument

10  that "lewd gestures or leering" fit in the definition provided by the regulations.

11         Indeed, in *Lyle*, the California Supreme Court took note of several Title VII cases which

12  it stated were "in accord" with the Cal. Code of Regulations. 38 Cal. 4th at 281, n.5. Citing

13  federal authority, the court acknowledged that "posting of pornographic pictures in common

14  areas and in the plaintiffs' personal work spaces," "Playboy centerfolds displayed where

15  residents took their meals and conducted meetings," and display of obscene cartoons bearing the

16  plaintiff's name," provided examples of "visual" harassment. *Id.* at 221 n.5 (citing *Andrews v.*

17  *City of Philadelphia*, 895 F.2d 1469, 1485 (3d Cir. 1990); *Lipsett v. University of Puerto Rico*,

18  864 F.2d 881, 905 (1st Cir. 1988); *Bennett v. Corroon & Black Corp.*, 845 F.2d 104, 105-06 (5th

19  Cir. 1988)). *Lyle* found further support from *Robinson v. Jacksonville Shipyards, Inc.*, 760 F.

20  Supp. 1486 (M.D. Fla. 1991), noting visual harassment in the form of "posting of numerous

21  sexually oriented and pornographic pictures of nude and partially nude women in various work

22  areas; and visual assault from the posting of the pictures themselves, which were

23  disproportionately *offensive or demeaning to women* and sexualized the work environment to the

24  detriment of all *female* employees." 38 Cal. 4th at 293 (emphasis added). Nowhere in *Lyle* is

25  there any mention of "lewd gestures or leering" being an example of "visual" harassment, and

26  Plaintiffs cannot impose their own definition on the established California Code of Regulations.

27         Moreover, even if Medrano's purported example of visual harassment was sufficient,

28  Medrano's deficiencies in his factual allegations are not cured by merely stating that he was

1   "subjected to third party visual, verbal and physical sexual harassment" or by stating that the

2   purported "harassment was daily and created a hostile work environment." (Pls.' Mot. at 8:15-

3   17.) These allegations are not based on any alleged facts and merely state legal conclusions.

4   Neither is sufficient to support a cause of action for sexual harassment against Medrano

5   personally.

6          **B.    Plaintiffs' Trivial Procedural Arguments Also Fail To**
             **Establish That Jurisdiction Rests With the State Court.**
7

8          Like Plaintiff Medrano did with respect to his allegations against Hamlin, Plaintiffs

9   further seek remand of this case by making three trivial, procedural arguments. (Notably,

10  Plaintiffs failed to raise any of these arguments during the meet and confer process).

11         **1.    Plaintiffs' Motion Should Be Denied Because Genco Did**
             **Not Waive Its Right To Removal By Filing An Answer**
12            **In State Court**

13         Plaintiffs first argue that by filing an answer in state court, Genco has waived its right to

14  seek removal. Plaintiffs' argument is legally and factually unfounded. Genco may waive its

15  right to removal only if it has "take[n] actions in state court that manifest [its] intent to have the

16  matter adjudicated there, and to abandon [its] right to a federal forum." *Resolution Trust Corp.*

17  *v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). "A waiver of the right of removal

18  must be *clear and unequivocal*." *Id.* (citing *Beighley v. FDIC*, 868 F.2d 776, 781 (5th Cir. 1989)

19  (emphasis added). The right to remove a case "is not lost by action in the state court short of

20  proceeding to an adjudication on the merits." *Id.* When "a party takes necessary defensive

21  action to avoid a judgment being entered automatically against [it], such action does not manifest

22  an intent to litigate in state court, and accordingly, does not waive the right to remove." *Id.*

23  (citing *Ward v. RTC*, 972 F.2d 196, 198 (8th Cir. 1992); *Beighley*, 868 F.2d at 782). Therefore, a

24  party does not waive its right to removal by taking action in the state court "solely for the

25  defensive purpose of preserving the *status quo* pending removal." *Id.*

26         Here, Genco filed its Answer in state court one day before it filed its Removal in federal

27  court merely to preserve the status quo pending removal. Contrary to Plaintiffs' argument,

28  Genco's filing of its Answer in state court did *not* serve as a waiver to its right to seek removal.

1   *See Carpenter v. Illinois Central Gulf R.R. Co.*, 524 F.Supp. 249, 251 (M.D. La. 1981) ("An

2   answer filed in state court does not exhibit an intent [to waive the right to remove to federal

3   court].   There is no request for affirmative relief, no litigation on the merits, and no prejudice to

4   any of the parties."); *see also* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro.

5   Before Trial § 2:881.1 (The Rutter Group 2010) (listing "Filing an *answer* or *demurrer*" as the

6   first example under "Acts NOT constituting waiver").[3]

7            **2.     Plaintiffs' Motion Should Be Denied Because Hamlin
                       Was Not Required To Consent To Join In The Removal**
8

9            Plaintiffs next argue that Genco's removal was defective because Hamlin was not named

10  on the Removal and did not consent to removal.   Plaintiffs' argument fails however because

11  Hamlin was *not* required to join the removal.   Plaintiffs correctly state that the right to remove

12  belongs "jointly" to the defendants, and all defendants must join in filing the Notice of Removal.

13  (Pls.' Mot. at 5.)   However, Hamlin satisfies two exceptions to the general rule making his

14  consent to joinder unnecessary: (1) parties not properly served with process do not need to join in

15  a notice of removal; and (2) fraudulent or nominal parties do not need to join in a notice of a

16  removal.

17            **a.     Hamlin Was Not Required To Consent To The
                       Removal Because Parties Not Served Properly
                       Need Not Join In A Notice Of Removal**
18

19            Hamlin's consent to removal was unnecessary because he was not given proper service of

20  process.   As Plaintiffs explicitly acknowledge, it is an established rule in the 9th Circuit that "a

21  party not served need not be joined" in a Notice of Removal.   *Salveson v. Western States*

22  *Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984); Pls.' Mot. at 5 ("named defendants

23  unserved…in the state action are not required to join in the notice of removal").   Also, in *Murphy*

24

────────────────────────

25   [3]     Moreover, Plaintiffs cite two cases, both decided over forty-five years ago, and both from
     non-controlling district courts, to support its statement that "[s]ome courts have ruled that filing an answer
26   in state court constitutes a waiver of a defendant's right to seek removal…." *See Vendetti v. Schuster*,
     242 F. Supp. 746, 754 (W.D. Pa. 1965); *General Phoenix Corp. v. Malyon*, 88 F. Supp. 502, 503
27   (S.D.N.Y. 1949); Plaintiffs' Motion to Remand at p. 4.   However, neither of the cases cited held that the
     defendant in question had waived its right to remove the case based on its act of answering in state court.
28   Both cases involved actions by the defendant indicating a clear intent to subject itself to the jurisdiction of
     the state court, and are limited to the facts in those cases. *See generally, id.*

1   *Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999), the Supreme Court held

2   that a defendant may not be required to take any action in a civil case until proper service has

3   been made.  A removing defendant therefore need not obtain the consent of an improperly served

4   defendant or a defendant who received only a copy of the complaint.  *Cachet Residential*

5   *Builders v. Gemini Ins. Co.*, 547 F. Supp. 2d 1028, 1031-32 (D. Ariz. 2007) (requiring

6   defendants who were not properly served to join in the removal would run counter to *Murphy's*

7   "bedrock principle" that a defendant is not obliged to engage in litigation unless brought under

8   court's authority by formal process).  Here, because Hamlin was not properly served with

9   process under the California Code of Civil Procedure, he need not join in the removal.

10  Plaintiffs allege to have served Hamlin by substituted service on July 27, 2010.  (Pls.'

11  Mot. at 6:9.)  Their substituted service was defective for three reasons:  First, Plaintiffs failed to

12  state in their proof of service of summons that they attempted personal service on Hamlin at his

13  home or that his address was unknown to them.  Substituted service is only permitted under Cal.

14  Code. Civ. P. § 415.20(b) when Plaintiffs have been unable, after "reasonable diligence," to

15  serve process on the defendant.  Plaintiffs' failure to aver that they even *attempted* service at

16  Hamlin's home or that they were unaware of his home address shows their attempts to serve

17  Hamlin were not reasonable.

18  Second, Plaintiffs failed to establish that they exercised "reasonable diligence" in seeking

19  to serve Hamlin at reasonable times.  Plaintiffs' Declaration re Diligence to Effect Personal

20  Service or Non-Service Return (Declaration of Larry H. Shapazian, at Ex. C, filed concurrently

21  with Plaintiffs' Motion to Remand) states that Plaintiffs attempted service three times before

22  proceeding with substituted service.  The three attempts were each made between the hours of

23  11:50 a.m. and 3:10 p.m., once on a Friday (July 16, 2010).  Genco's normal hours of operation

24  at the Fresno facility are from 5:00 a.m. until 3:30 p.m., Monday through Thursday.[4]

25  (Declaration of Salvadore Reyes ("Reyes Decl."), ¶8,)  Plaintiffs' purported attempts all fell

26

27  _____

28  [4]/   Plaintiffs know that Genco is not open on Fridays and open limited hours Monday
    through Thursday.

1   within a short time span at the end of the working day, with one being made on a non-working

2   Friday. These attempts at personal service were not reasonable under the circumstances.

3        Finally, Plaintiffs did not conduct reasonable diligence in serving the Complaint after it

4   was amended by Plaintiffs on July 23, 2010. Typically, a plaintiff must make at least two or

5   three attempts at personal service before effectuating substituted service. *Espindola v. Nunez*,

6   199 Cal. App. 3d 1389, 1392 (1988). After Plaintiffs filed their Amendment, they made **no**

7   further attempts at personal service on Hamlin before making their purported substituted service

8   on July 27, 2010. Plaintiffs therefore failed to properly serve process on Hamlin, and he must be

9   disregarded for purposes of the Notice of Removal.[5]

10             **b.      Hamlin Was Not Required To Consent To**
                          **Removal Because Fraudulent Or Nominal**
11                        **Parties Need Not Join In A Notice of Removal**

12        Hamlin's consent to removal was also unnecessary because he is a fraudulent or nominal

13   party. A defendant who is improperly or fraudulently joined to prevent removal need not join in

14   the removal notice. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Diaz v. Kaplan Univ.*, 567

15   F. Supp. 2d 1394, 1402 (S.D. Fla. 2008). A defendant is deemed "sham" or "fraudulent" if the

16   "plaintiff fails to state a cause of action against a resident [non-diverse] defendant." *Morris*, 236

17   F.3d at 1067; *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The lack of

18   consent of a nominal, sham or fraudulently joined defendant does not prevent removal to federal

19   court because "the defendant's presence in the lawsuit is ignored for purposes of determining

20   diversity." *Morris*, 236 F.3d at 1067; *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232

21   (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal

22   parties"). Because a nominal or sham defendant is irrelevant for purposes of determining

23   diversity, the date of service on that defendant does not commence the thirty day time period for

24   removal. *United Computer Sys., Inc. v. AT&T Info. Sys., Inc.*, 298 F.3d 756, 762 (9th Cir. 2002)

25

26

---

27        [5]/     Even if process is deemed to have been properly served on Hamlin, Defendants'
     challenge to Plaintiffs' service may be sufficient to disregard Hamlin for purposes of the Removal. *See*
28   *Prize Frize, Inc. v. Matrix (US) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (suggesting that "objecting to
     sufficiency of process may be equated to a lack of service").

Defendant's Opposition to Plaintiffs' Motion for Remand; Case No. 10-CV-01555-LJO-SKO

1   (there is no good reason that the date of service on a fraudulently joined defendant should

2   commence the removal period).

3       Here, as set forth in detail below, Hamlin is an improperly and fraudulently joined, sham

4   defendant. (Def.'s Notice of Removal ¶¶10-19; Section III.A., *supra*.)  Plaintiff Medrano asserts

5   a single cause of action against Defendant Hamlin for alleged sexual harassment.  However,

6   Medrano's inability to establish this cause of action against Hamlin is "obvious according to the

7   settled rules of the state." *Morris*, 236 F.3d at 1067; *see* Notice of Removal ¶¶10-19; Section

8   III.A., *supra*.  Because no cause of action can be maintained against Hamlin, his presence in this

9   lawsuit must be ignored and he must be disregarded for purposes of Genco's Removal.

10                     **c.      Alternatively, If Hamlin Was Required To**
                               **Consent To Removal, Removal Is Proper**
11                             **Because Any Defect In Joinder Can Be Cured**

12      Even if this Court determines that Defendant Hamlin was properly served, Hamlin's

13  failure to join in the original Notice of Removal still does act as a bar.[6]  In *Parrino v. FHP,*

14  *Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), a case relied upon by Plaintiffs in their Motion, one co-

15  defendant removed the action to federal court without the consent of the second co-defendant.

16  Although the second co-defendant later joined the removal, it failed to do so within the 30 day

17  period following service of the complaint. *Parrino*, 146 F.3d at 703.  The plaintiff argued that

18  the rule that all defendants must join in a notice of removal barred removal in that case because

19  one defendant failed to join the Notice of Removal. *Id.*  The 9th Circuit, however, affirmed the

20  district court's decision to permit removal, stating that "a procedural defect existing at the time

21  of removal but cured prior to entry of judgment does not warrant reversal and remand of the

22  matter to state court." *Id.* (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 77 (1996)).

23      Under *Parrino*, even if this Court determines that Hamlin is required to join in the

24  removal filed by Genco, the matter may not be remanded to state court if that purported

25  "procedural defect existing at the time of removal" is "cured prior to the entry of judgment."  In

26  the Ninth Circuit, the rule requiring unanimity may be satisfied by an averment of the non-

27          [6]    The Court should not lose sight of the fact that Hamlin filed a declaration in support of
        Genco's removal.  For this reason alone, the argument that Hamlin did not consent to the removal is
28      dubious at best.

Defendant's Opposition to Plaintiffs' Motion for Remand; Case No. 10-CV-01555-LJO-SKO

joining defendant's consent signed by an attorney of record. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-1225 (9th Cir. 2009). Alternatively, consent may also be expressed orally to the Court. *See Colin K. v. Schmidt*, 528 F. Supp. 355, 358 (D.R.I. 1981). Therefore, if this Court determines that Hamlin must formally join the Notice of Removal, Genco and Hamlin, through their joint counsel, request that this Court permit Hamlin's joinder.

### 3.   Plaintiffs' Motion Should Be Denied Because Genco's Removal Was Timely Filed

Plaintiffs finally appear to argue that Genco's Removal was untimely under 28 U.S.C. § 1446(b). Pursuant to § 1446(b), a defendant must file a Notice of Removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The thirty day period in which the defendant may remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers*, 526 U.S. at 348. The thirty day period does not begin until proper service has been completed. *See id.* The term "service of process" is determined by state law. *City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005).

Plaintiffs' argument that Genco failed to timely remove this case fails for four reasons: (1) Genco has not been served with process; (2) even if Genco had been served, Plaintiffs are estopped from arguing Genco's Removal was untimely; (3) even if Genco had been served, that service did not comply with the California Code of Civil Procedure; and (4) Genco sought removal within 30 days of service on Hamlin.

### a.   Plaintiffs' Timeliness Argument Fails Because Genco Has Not Been Served Process

Genco's Removal was timely because it was never served with process. As the Court stated in *Murphy Brothers*, the thirty day period in which a defendant may remove a case "is *triggered by* simultaneous service of the summons and complaint." 526 U.S. at p. 348 (emphasis

11

1   added).  Consequently, a defendant's thirty day period cannot begin until it has been given

2   proper service.  *See id.*

3         Here, Genco has not been served with process.  Plaintiffs assert in their Motion that they

4   served process on Hamlin, but *do not assert they served Genco.*  Indeed, the only indication that

5   Plaintiffs attempted service on *any* person at Genco is their purported delivery of the summons

6   and Complaint to Genco's Fresno facility on July 27, 2010.  (*See* Shapazian Decl., at Ex. C.)  On

7   or about that date, a woman who did not identify herself left an envelope with the Genco security

8   guard containing a copy of the summons and Complaint.  (Declaration of Michael A. Trujillo

9   ("Trujillo Decl.") ¶¶6, 7, 8.)  However, the copy of the summons and Complaint left with the

10  security guard was directed to Hamlin, not to Genco.  (Reyes Decl. at ¶3; Shapazian Decl., at Ex.

11  C.)  Plaintiffs have not made any other attempts to serve Genco.  (*See* Reyes Decl. at ¶7; Trujillo

12  Decl. at ¶10.)  As of the filing of this Opposition, there has been nothing filed with the state

13  court, nor has either Defendant or their counsel received anything indicating there has been *any*

14  attempt made to serve process on Genco.  Because Plaintiffs never served Genco with process,

15  the thirty day period to remove the case was never triggered, and Plaintiffs' timeliness argument

16  fails on this basis.

17          **b.**    **Plaintiffs Are Estopped From Arguing Genco's**

18               **Removal Was Not Timely**

19        Even if this Court were to determine that Plaintiffs had properly served Genco, Plaintiffs

20  are estopped from arguing Genco's Removal was not timely.  Although Genco was aware that

21  the instant lawsuit had been filed, it was unclear as to when, if at all, Genco had been served with

22  process.  As of August 12, 2010, there was no indication on the Fresno Superior Court's website

23  indicating that Genco had been served.[7]  In order to determine Genco's deadline to seek removal,

24  the assistant to counsel for Genco and Hamlin asked counsel for Medrano to provide the date on

25  which process had been served.  (Declaration of Denise L. Quintana ("Quintana Decl.") ¶2)

26  Counsel for Medrano stated he was unaware of the exact date (likely because Genco had not

27      [7]    Notably, as of the date of this Opposition, Plaintiffs have still not filed any Proof of

28  Service on Genco.

Defendant's Opposition to Plaintiffs' Motion for Remand; Case No. 10-CV-01555-LJO-SKO

1  been served),[8] but Genco could file a responsive pleading up and until August 31 or

2  September 1, 2010.  (Quintana Decl. at ¶2.)  Because Genco could not otherwise verify a date on

3  which it had been served, it relied on Medrano's counsel's representation that its deadline to file

4  its Removal was, at the earliest, August 31, 2010.  Genco then diligently worked to remove the

5  case by the deadline as stated by Medrano's counsel, filing its Removal on August 27, 2010.

6  Consequently, Plaintiffs cannot now contend that removal was untimely because Genco's

7  Removal was filed by the deadline as represented by Medrano's counsel.

8         Moreover, Plaintiffs' counsel failed to inform defense counsel during the meet and confer

9  process they would contest the date of Genco's Removal.  Indeed, if Plaintiffs had been

10  concerned about the timeliness of Genco's Removal, they would have filed an appropriate proof

11  of service with the Superior Court and/or notified Genco of the exact date on which they alleged

12  Genco was served process.  Because Plaintiffs failed to do so, and because they represented to

13  Genco that it could file a responsive pleading at any time up to September 1st, they are now

14  estopped from arguing that Genco's Removal was untimely.

15             **c.      Plaintiffs Timeliness Argument Fails Because
                           Plaintiffs Did Not Serve Genco Properly Under**
16   **The California Code Of Civil Procedure**

17         Even if this Court determined that Genco's reliance on Plaintiff's counsel's

18  representation of the date of service was unreasonable, Plaintiffs' argument that the Removal

19  was untimely still fails because Plaintiffs failed to serve process on Genco as required by the

20  California Code of Civil Procedure.  Cal. Code Civ. P. § 416.10 requires that, to serve process on

21  a corporation, the copy of the summons and complaint must be delivered:  "(a) To the person

22  designated as agent for service of process" or "(b) To the president, chief executive officer, or

23  other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or

---

24

25  [8]/    Plaintiffs are apparently still confused as to the purported dates of service.  Although they
do not allege they even served Genco, Plaintiffs allege that they served Hamlin on July 23, 2010.

26  However, later in their Motion Plaintiffs assert they served Hamlin on July 27, 2010 (which is the date
stated in Plaintiffs' Proof of Service on Hamlin).  Also in their Motion, Plaintiffs confuse the date that

27  Genco filed its Removal, first stating Genco removed the case on August 27, 2010, while later incorrectly
stating Genco removed the case on August 30, 2010.  Plaintiffs have continually confused dates in this

28  case, which, when combined with their failures to give proper service, have created significant difficulties
in determining applicable deadlines.

Defendant's Opposition to Plaintiffs' Motion for Remand; Case No. 10-CV-01555-LJO-SKO

1    assistant treasurer, a controller or chief financial officer, a general manager, or a person

2    authorized by the corporation to receive service of process." Plaintiffs failed, under this section,

3    to serve process on any person qualified to accept service on behalf of Genco.

4    　　　　As stated above, the only attempted service on *any* person affiliated with Genco was July

5    27, 2010, when an unidentified woman left an envelope with the Genco security guard

6    containing a copy of the summons and Complaint, requesting that it be delivered to Hamlin.

7    (Trujillo Decl. at ¶¶6, 7, 8.) By simply asking the security guard to deliver an unidentified

8    envelope to Hamlin, Plaintiffs failed to serve process on anyone qualified to accept process for

9    Genco under Cal. Code Civ. P. § 416.10. (*See* Trujillo Decl. at ¶¶1, 6.) Because Plaintiffs failed

10   to serve Genco as required by the California Code of Civil Procedure, Genco's thirty day period

11   in which to remove the case was never triggered. *See Murphy Brothers*, 526 U.S. at 348.

12   Consequently, Plaintiffs' argument that Genco failed to timely file its Removal is without merit,

13   and Plaintiffs' Motion should be denied on this basis.

14   　　　　　　　　**d.　　Plaintiffs' Timeliness Argument Fails Because**
                      **Genco Filed Its Removal Within Thirty Days Of**
15   　　　　　　　　　　**Service on Hamlin**

16   　　　　Although it is not evident from Plaintiffs' Motion whether they contend that Plaintiffs'

17   attempted (but improper) service on Hamlin triggered the thirty day deadline for Genco to seek

18   removal, Plaintiffs' timeliness argument still fails because Genco sought removal within thirty

19   days of purported service on Hamlin.

20   　　　　Even assuming that Hamlin was properly served on July 27, 2010 (which he was not),

21   Plaintiffs assert they served Hamlin by "substituted service." Substituted service may be

22   effected by "leaving a copy of the summons and complaint…at the person's…usual place of

23   business…and thereafter mailing a copy of the summons and complaint…to the person to be

24   served at the place where a copy of the summons and complaint were left." Cal. Code Civ. P.

25   § 415.20(b). However, substituted service "is deemed complete on the 10th day after the

26   mailing." (*Id.*) Therefore, service on Hamlin could not have been complete until August 6,

27   2010.

28

1    If Plaintiffs' improper service on Hamlin could trigger Genco's thirty day period in

2    which to remove the case (which it cannot), Genco's removal on August 27, 2010 was filed

3    twenty-one (21) days after *completed* service on Hamlin on August 6, 2010.  Genco's Removal

4    was therefore well within the thirty day limit and Plaintiffs' timeliness argument fails.  Plaintiffs'

5    Motion to Remand should therefore be denied on this basis.

6    **C.    There Is No Basis To Award Plaintiffs Attorney's In
        Connection With Genco's Removal**

7

8    Plaintiffs argue they are entitled to an aggregate award of $11,775.00 in attorneys' fees

9    under 28 U.S.C. section 1447(c) in connection with their Motion for Remand.  (Pls.' Mot. at

10   12:2.)  There is, however, no basis on which to award Plaintiffs any fees in connection with

11   Genco's Removal.  Section 1447(c) provides in pertinent part, "[a]n order remanding the case

12   *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a

13   result of the removal."  28 U.S.C. § 1447(c).  An award of attorneys' fees under section 1447(c)

14   is therefore discretionary.  In the Ninth Circuit, however, "an award of attorney fees is

15   inappropriate where the defendant's attempt to remove the action was *fairly supportable* and

16   where there has been no showing of bad faith.  *Lathigra v. British Airways PLC*, 41 F.3d 535,

17   540 (9th Cir. 1994) (citing *Schmitt v. Ins. Co. of No. Am.*, 845 F.2d 1546, 1552 (9th Cir. 1988).

18   Moreover, the United States Supreme Court has made it clear that courts are not

19   authorized to impose attorneys' fees under Section 1447(c) "where the removing party has an

20   objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136

21   (2005).  In *Martin*, the Supreme Court held that the key factor in deciding whether an award is

22   "just" under section 1447(c) is the propriety of the removal.  *Id*.  The Supreme Court also held

23   that "absent unusual circumstances, attorneys' fees should not be awarded when the removing

24   party has an objectively reasonable basis for removal."  *Id*.  The Supreme Court further noted

25   that factual circumstances, including plaintiff's failure to disclose facts necessary to determine

26   jurisdiction should be taken into account.  *Id*. at 141.

27   For the reasons fully set forth in Genco's Opposition, Genco had not only a "reasonable

28   basis" to support its removal, but a compelling one.  As detailed in Section III.A., *supra*,

15

1   Medrano's inclusion of a cause of action for sexual harassment against Hamlin is a clear

2   example of a plaintiff asserting a baseless claim against a non-diverse defendant to avoid

3   removal to federal court when the federal court would otherwise have jurisdiction based on

4   complete diversity of citizenship.  Medrano cannot, based on well-settled California law, state a

5   cause of action for harassment based on the purported harassment of members of a protected

6   class of which he is not a member.  Medrano also cannot rely on his personal ideation of the

7   California Code of Regulations to support a claim that he was personally harassed.  And even if

8   California law permitted Medrano's claim against Hamlin, which it does not, Medrano has failed

9   to allege facts sufficient to support that claim.  Medrano's claim for sexual harassment is entirely

10  without merit, and Defendants had far more than a "reasonable basis" to remove this matter.

11          That, however, is not the end of the analysis.  As stated above, Plaintiffs' counsel failed

12  to disclose facts necessary to determine the date of service and jurisdiction.  Indeed, counsel for

13  Medrano not only failed to promptly file a proof of service for Hamlin but indicated when he

14  was called by Defense counsel's office that he did not know when or how Hamlin or Genco were

15  served.  (To this date, there also is no proof of service filed in state court evidencing if or when

16  Genco was served.)

17          Furthermore, as detailed in Section III.B.2.a., *supra*, Plaintiffs' deficiencies also included

18  the failure to serve proper process on Genco and Hamlin.  Genco therefore had a "reasonable

19  basis" to remove on this separate and independent basis.

20          Moreover, the Court should consider that Plaintiffs failed to raise many of the arguments

21  made in their Motion during the meet and confer process (other than to indicate that Medrano

22  served Hamlin with the Complaint and that Hamlin was sued for sex harassment under FEHA).

23  Indeed, Plaintiffs made no mention of their contention that Defendants waived their right to

24  remove the case by filing an answer in state court, made no mention of their contention that

25  Hamlin did not consent to the removal, and made no mention of their contention that the removal

26

27

28

Defendant's Opposition to Plaintiffs' Motion for Remand; Case No. 10-CV-01555-LJO-SKO

1   was untimely.  These omissions not only undermine their request for attorneys' fees but evidence

2   that they did not meet and confer with Defense counsel in good faith prior to filing their Motion.[9]

3          In this case, there can be little doubt that Genco's position with respect to removal is

4   reasonable.  Genco clearly had more than a "reasonable basis" to conclude that the action was

5   removable.  Indeed, it took two employment litigators (Plaintiffs' counsel) with almost thirty

6   (30) years of experience between them twenty three plus (23) hours to prepare the Motion.  This

7   is a clear indication that the issues presented therein were not straightforward and stronger

8   evidence that Genco's removal was more than supportable under applicable law.

9   **IV.    CONCLUSION**

10         For each of the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion

11  to Remand be Denied and that this Court retain jurisdiction over the instant case.

12  DATED: December 1, 2010                          SEYFARTH SHAW LLP

13

14                                                   By_____

15                                                      Michael J. Burns
                                                        Attorneys for Defendant
16                                                      GENCO I, INC.

17

18  12796010v.3

19

20

21

22

23

24

25

26

27         [9]    The fact that counsel for Landa seeks attorneys' fees for his role in filing the removal
    even though Landa has not stated a claim against Mr. Hamlin evidences the heavy handed nature of the
28  motion to remand.

---

                                            17