# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO MEDRANO and ALBERTO LANDA,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GENCO SUPPLY CHAIN SOLUTIONS aka GENCO DISTRIBUTION SYSTEMS; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-01555-LJO-SKO<br><br>**ORDER DENYING REQUEST FOR SCHEDULE MODIFICATION**<br><br>(Docket No. 34) |

## I.  INTRODUCTION

On September 14, 2011, the parties filed a stipulated request to modify the schedule. (Doc. 34.) The parties request that the non-expert discovery deadline, currently set for February 7, 2012, be extended until May 8, 2012; the expert discovery deadline, currently set for April 6, 2012, be extended until July 6, 2012; and the settlement conference, currently scheduled for February 7, 2012, be extended until May 8, 2012.

## II. DISCUSSION

The parties' proposed modification to the schedule and the existing deadlines are as follows:

| **Deadline/Date** | | **Current Schedule** | **Proposed Schedule** |
|---|---|---|---|
| 1. | Non-Expert Disc. | February 7, 2012 | May 8, 2012 |
| 2. | Expert Disclosure | February 7, 2012 | No date proposed |
| 3. | Settlement Conference | February 7, 2012 | May 8, 2012 |
| 4. | Rebuttal Expert Discl. | February 29, 2012 | No date proposed |
| 5. | Expert Discovery | April 6, 2012 | July 6, 2012 |
| 6. | Non-Disp. Filing | April 11, 2012 | No date proposed |
| 7. | Non-Disp. Hearing | May 9, 2012 | No date proposed |
| 8. | Dispositive Filing | May 15, 2012 | No date proposed |
| 9. | Dispositive Hearing | June 26, 2012 | No date proposed |
| 10. | Pre-Trial Conf. | August 7, 2012 | No date proposed |
| 11. | Trial | September 17, 2012 | No date proposed |

As good cause for a three-month extension of the discovery deadlines, the parties explain that a death of a family member of one plaintiff as well as an ongoing injury to one of the plaintiff's attorneys have resulted in the inability to schedule any depositions to date. The parties also note that "lead counsel for Defendant has a trial in another matter that will cause him to be unavailable for nearly the entire month of October to take or defend any depositions." (Doc. 34., 2:12-13.)

While the Court notes the parties' diligence in seeking a modification to the schedule well in advance of their deadlines, the proposed modification necessarily impacts other deadlines in the current schedule, such as the dates for filing and hearing non-dispositive motions, dispositive motions, the pre-trial conference, and the trial dates. For example, the non-dispositive motion filing deadline is April 11, 2012, and the dispositive motion filing deadline is May 15, 2012. If the expert discovery deadline extends until July 6, 2012, the parties may be unable to complete their discovery prior to filing any dispositive motions, and effectively eliminate the ability to conduct any motion practice with regard to discovery taken after the filing deadline for non-dispositive motions.

///

Additionally, if the motion filing deadlines are extended to allow for the completion of discovery under the proposed schedule, the pre-trial conference and the trial dates become untenable. Perhaps the parties do not anticipate filing any dispositive motions and foresee no need for any non-dispositive motions related to discovery. As these issues are not addressed in the parties' stipulated request for a modification, however, the Court is reluctant to implement a schedule that appears problematic in the long-term.[1]

Further, a wholesale modification to the schedule appears somewhat premature in that, despite difficulties taking depositions thus far, there are three months remaining to complete discovery even if October is excluded due to the unavailability of Defendant's lead counsel. Nonetheless, the Court is willing to entertain a schedule modification.

The parties may resubmit their request for a modification in 60 days, setting forth good cause to extend the deadlines. In a renewed request for a schedule modification, the parties should consider how any proposed modification impacts all of the deadlines in the case, and, if necessary, propose modified dates for the hearing and filing of motions, the pre-trial conference, and the trial.

### III.   CONCLUSION

For the reasons set forth above, the Court HEREBY ORDERS that the parties' stipulated request for a schedule modification is DENIED without prejudice and with leave to renew the stipulated request within 60 days.

IT IS SO ORDERED.

**Dated:   September 26, 2011**          /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, because the district judges in this division are experiencing severely impacted trial calendars with over 1,800 cases per judge, adjustments to the trial schedule may further complicate and hamper the parties' ability to have their case heard. The parties have the ability to consent to the jurisdiction of a magistrate judge to the extent that counsel and their clients desire greater scheduling flexibility and certainty with regard to trial dates that the district judges are currently less able to accommodate.