# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERO MEDRANO; and ALBERTO LANDA, <br><br>                Plaintiff, <br><br>    v. <br><br>GENCO SUPPLY CHAIN SOLUTIONS aka GENCO DISTRIBUTION SYSTEMS and GENCO, INC., <br><br>                Defendant. <br>_____/ | CASE NO. 1:10-cv-01555-LJO-SKO <br><br>**ORDER VACATING AND RESETTING HEARING ON DEFENDANT'S MOTION TO COMPEL** <br><br><br>(Docket No. 30) |

## I.  INTRODUCTION

On August 17, 2011, Defendant Genco Supply Chain Solutions ("Defendant") filed a motion to compel further responses to certain discovery requests propounded on Plaintiff Landa and to compel the deposition of Plaintiff Landa.  (Doc. 30.)  The motion was initially set for hearing on September 14, 2011, before District Judge Lawrence J. O'Neill, and was subsequently reset before Magistrate Judge Sheila K. Oberto on September 21, 2011.  (Doc. 31.)  Thereafter, the parties stipulated to continue the hearing on Defendant's motion until October 5, 2011.  (Docs. 32, 33.)  On Wednesday, September 28, 2011, Defendant filed a separate statement regarding the discovery dispute asserting that it was "unable to secure the cooperation of counsel for the opposing party after a good faith effort."  (Doc. 36, 1:26-27.)  On Friday, September 30, 2011, Plaintiff Landa filed a

statement in response to Defendant's separate statement regarding the discovery dispute asserting that Defendant "refused to provide Plaintiff with a draft of a Joint Statement as required by Local Rule 251 so that Plaintiff could respond to Defendant's contentions in a Joint Statement." (Doc. 40, 1:26-27.)

For the reasons set forth below, the Court VACATES the October 5, 2011, hearing on Defendant's Motion to Compel and ORDERS the parties to meet and confer regarding the dispute and file a Joint Statement re the Discovery Dispute **on or before Thursday, October 13, 2011.** The hearing on **Defendant's Motion to Compel is RESET to October 20, 2011, at 9:30 a.m. in Courtroom 7.**

## II.   DISCUSSION

It is apparent from the parties' separate statements that there has been a breakdown in communications among the parties, particularly among their counsel.  The Court is aware that litigation sometimes results in communication difficulties, particularly among the various counsel involved; this inherent difficulty notwithstanding, the parties are still required to comply with the Court's scheduling order and the Court's Local Rules.[1]

Local Rule 251 governs the procedure for filing discovery motions and expressly requires that a Joint Statement re Discovery Disagreement ("Joint Statement") be submitted by all interested parties.  Local Rule ("L.R.") 251 (a)-(c).  Exceptions to the filing of a Joint Statement are only permitted (1) where there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions.  L.R. 251(e). Here, because Defendant seeks supplemental responses to certain Special Interrogatories propounded on Plaintiff Landa, the universe of issues presented is not limited to a complete and total failure to respond to a discovery request.  Moreover, Defendant seeks more than the imposition of sanctions. Accordingly, the exceptions to the filing of a Joint Statement do not apply here.

The Local Rules also provides that, "[i]f counsel for the moving party is unable, after a good

---

[1] For the convenience of all parties appearing before the Court, the Local Rules are available online at: http://www.caed.uscourts.gov/caed/DOCUMENTS/localRules/EDCA%20Local%20Rules%20Effective%207.1.11.pdf.

faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement, counsel for the moving party may file and serve an affidavit so stating, setting forth the nature and extent of counsel's efforts to arrange the required conference or procure the required joint statement, the opposing counsel's responses or refusals to respond to those efforts . . . " L.R. 251(d).

Here, the declaration of Mr. Mason, one of Defendant's counsel, does not set forth these efforts. Although there are a plethora of meet and confer letters attached to Mr. Mason's declaration involving the correspondence among the parties' attorneys from approximately June through September 2011 regarding the discovery issues that are the center of Defendant's motion, it is not clear how communications broke down to the extent that counsel for the parties could not submit a Joint Statement. Despite each counsel's contention that the fault for the lack of a Joint Statement lies with the other, the Court surmises from the parties' back-and-forth correspondence that the reality of the situation is somewhat less clear.

### A. Deposition Schedule

With regard to scheduling depositions, because Mr. Shapazian will be present for the deposition of Plaintiff Landa, who is represented by Mr. Gordon, both Plaintiffs' counsel and Defendant's counsel must meet and confer to have a productive discussion regarding setting the deposition schedule. Other than letters from one counsel or another, it does not appear that <u>all counsel</u> have participated in either a joint personal or telephonic conference. It is an unnecessary imposition on judicial resources that the first attempt at such a personal or telephonic conference be facilitated by the Court. Because it is clear from the correspondence of counsel that Mr. Burns, as opposed to Mr. Mason, must be present on behalf of Defendant to defend depositions *and* take Plaintiffs' depositions, Mr. Burns must participate in a meet and confer conference with <u>both</u> Mr. Gordon and Mr. Shapazian.

Mr. Shapazian, Mr. Gordon, and Mr. Burns are therefore ORDERED to conduct a telephonic or an in-person conference regarding setting a deposition schedule. At this conference all counsel should be prepared to set dates for Plaintiffs' depositions. These depositions should be set as soon

as possible.

With regard to the length of the depositions, the parties should attempt to resolve their differences regarding any lengthening of Plaintiffs' depositions, keeping in mind that the Court has neither approved a stipulation nor ordered that depositions be extended beyond the limits prescribed by the Federal Rules of Civil Procedure. The Court specifically and expressly issued a minute order to this effect on March 10, 2011. (Doc. 26.)

### B. Plaintiff Landa's Responses to Defendant's Special Interrogatories

The dispute regarding Plaintiff Landa's responses to Defendant's Special Interrogatories essentially boils down to what medical conditions Plaintiff has put at issue by virtue of his complaint. Generally, what Plaintiff has placed at issue in his complaint may be subject to a patient-litigant exception with regard to discovery of otherwise privileged and confidential medical records. *See Britt v. Super. Ct.*, 20 Cal. 3d 844, 863 (1978) ("while [a plaintiff] may not withhold information which relates to any physical or mental condition which [he has] put in issue by bringing [the] lawsuit, [he is] entitled to retain the confidentiality of all unrelated medical or psychotherapeutic treatment [he] may have undergone in the past"). Defendant essentially asserts that the identity of all health care providers that Plaintiff has seen in the last 10 years for any condition is discoverable. Plaintiff asserts that he has had no mental health treatment in the last ten years nor has he sought any medical treatment related to his employment with Defendant. Plaintiff Landa asserts that any *other* medical treatment he has sought in the last ten years is not relevant to the litigation and, thus, not discoverable.

To assist the parties in meeting and conferring regarding this issue, the Court notes that Plaintiff's complaint is extremely vague and broad with regard to what physical or mental distress he suffered as a result of Defendant's alleged conduct. While it is almost certainly an overbroad proposition to state that the identity of all health care providers and the reasons Plaintiff visited such providers in the past ten years are discoverable, Defendant's position that it has a right to explore potential defenses with regard to the damages Plaintiff asserts is well-taken. The parties' counsel should focus their efforts in their meet-and-confer conference on establishing, either through further discovery or by stipulation, what physical and mental conditions Plaintiff is asserting arises out of

Defendant's alleged conduct.

### III. CONCLUSION

For the reasons set forth above, the Court HEREBY ORDERS that:

1. The hearing set for October 5, 2011, is VACATED and RESET to **October 20, 2011, in Courtroom 7 at 9:30 a.m.**;

2. Mr. Shapazian,[2] Mr. Gordon, and Mr. Burns are to arrange a telephonic or an in-person conference among them **prior to October 12, 2011,** to discuss the issues raised in Defendant's motion;

3. To the extent that the meet and confer process does not resolve the discovery dispute, the parties' counsel, including Mr. Gordon, Mr. Shapazian, and Mr. Burns, shall sign and submit a Joint Statement re Discovery Dispute **on or before October 13, 2011**; and

4. The failure to comply with this order may result in the imposition of sanctions on all parties' counsel.

IT IS SO ORDERED.

**Dated:    October 3, 2011**               /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Mr. Shapazian, as Plaintiff Medrano's counsel, need not participate in the discussion of the parties' dispute regarding Defendant's Special Interrogatories propounded to Plaintiff Landa.

5