1  Larry H. Shapazian (SBN 120197)
   TOMASSIAN, PIMENTEL & SHAPAZIAN
2  A PROFESSIONAL LAW PARTNERSHIP
   E-mail: lhslaw@aol.com
3  3419 W. Shaw Avenue
4  Fresno, California 93711
   Tel:   (559) 277-7300     Fax:    (559) 277-7350
5  Attorneys for Plaintiff ROBERTO MEDRANO

6  Dean B. Gordon (SBN 061311)
7  LAW OFFICE OF DEAN B. GORDON
   E-mail: dean@deangordonlaw.com
8  1220 East Olive Avenue
   Fresno, California 93728
9  Tel:   (559) 221-7777     Fax:    (559) 221-6812
   Attorneys for Plaintiff ALBERTO LANDA
10

11 SEYFARTH SHAW LLP
   Michael J. Burns (SBN 172614)
12 E-mail: mburns@seyfarth.com
   Matthew J. Mason (SBN 271344)
13 E-mail: mmason@seyfarth.com
   560 Mission Street, 31st Floor
14 San Francisco, California 94105
   Tel:   (415) 397-2823     Fax:    (415) 397-8549
15 Attorneys for Defendant GENCO I, INC.

16

17                     **UNITED STATES DISTRICT COURT**

18                     **EASTERN DISTRICT OF CALIFORNIA**

19                              **FRESNO DIVISION**

20

| | |
|---|---|
| 21  ROBERTO MEDRANO and ALBERTO LANDA, | ) Case No. 10-CV-01555-LJO-SKO |
| 22 | ) |
| 23          Plaintiffs, | ) **STIPULATION TO CONTINUE TRIAL DATE AND ALL PRE-TRIAL DATES AND DEADLINES OR,** |
| 24     v. | ) **ALTERNATIVELY, TO CONTINUE CERTAIN PRE-TRIAL DATES AND** |
| 25  GENCO SUPPLY CHAIN SOLUTIONS aka GENCO DISTRIBUTION SYSTEM and | ) **DEADLINES** |
| 26  GENCO, INC.; and DOES 1 through 100, inclusive, | ) Judge:  Hon. Lawrence J. O'Neill |
| 27 | ) |
| 28          Defendants. | ) Complaint Filed:    July 9, 2010 |

Stipulation to Continue Trial Date and All Pre-Trial Dates and Deadlines or, Alternatively, to
Continue Certain Pre-Trial Dates and Deadlines; Case No. 10-CV-01555-LJO-SKO

IT IS HEREBY STIPULATED, by and among ROBERTO MEDRANO ("Medrano") and ALBERTO LANDA ("Landa") ("Plaintiffs") and GENCO I, INC. ("Genco" or "Defendant") (collectively, the "Parties"), through their respective undersigned counsel, as follows:

WHEREAS, this Court entered the current Scheduling Order in this matter on March 30, 2011 (Court Docket, Document No. 29);

WHEREAS, Defense counsel began the meet and confer process in May, 2011 to schedule depositions in this case and Plaintiffs' counsel responded in June, but the parties were unable to schedule depositions at that time due to various in conflicts in scheduling;

WHEREAS, due in part to circumstances outside the control of the Parties including, but not limited to, a death of a family member of one plaintiff and an ongoing injury to one of the plaintiffs' attorneys which prevented him from attending depositions between July and mid-September 2011, the Parties were unable as of September 14, 2011 to schedule any depositions in this case;

WHEREAS, in August and October, Defendant filed motions to compel Plaintiffs' depositions.  (*See* Court Docket, Documents Nos. 30 and 43).  Defendant filed its Motion to Compel, in part, Plaintiff Landa's deposition on August 17, 2011 and filed its Motion to Compel, in part, Plaintiff Medrano's deposition on October 3, 2011;

WHEREAS, Plaintiff Landa's counsel was scheduled to commence a month-long trial in Fresno County Superior Court on September 12, 2011, which, on or about September 9, 2011, was continued until January 3, 2012, at the request of defense counsel in that case due to a serious family medical emergency;

WHEREAS, Mr. Burns (lead counsel for Defendant) had a trial scheduled for the end of October, 2011 that would have precluded his availability for depositions in this case for the entire month of October, which case was ultimately settled on or about September 30, 2011;

WHEREAS, on September 14, 2011, the Parties filed a Joint Stipulation extending certain pre-trial dates and deadlines (*See* Court Docket, Document No. 34);

WHEREAS, on September 26, 2011, the Honorable Magistrate Judge Sheila K. Oberto

1  denied the Parties' stipulation without prejudice with leave to renew the stipulated request within
2  60 days (or by November 25, 2011), permitting the Parties to resubmit a request for modification
3  of the scheduling order by setting forth good cause to extend the deadlines;

4  　　　　WHEREAS, the Parties have begun the depositions of both Plaintiffs and Defendant's
5  human resources manager, but been unable to further schedule or conclude these and other
6  necessary depositions and complete other discovery in this case. Given the difficulty in
7  scheduling depositions and the other factors described more fully herein, the Parties renew their
8  request to extend the non-expert discovery deadline in order to complete the depositions of the
9  key witnesses in this case, and to extend the trial date and/or some or all of the remaining pre-
10 trial dates and deadlines;

11 　　　　WHEREAS, the first day of Plaintiff Landa's deposition had been scheduled on August
12 4, 2011 but was cancelled due to the unavailability of Mr. Landa and/or counsel for Mr.
13 Medrano.  The first day of Mr. Landa's deposition was later scheduled for and held on October
14 21, 2011.  The first day of Plaintiff Medrano's deposition was scheduled for and held on
15 November 2, 2011.  The first day of Salvador Reyes, Genco's Regional Teammate Services
16 Manager, was held on November 14, 2011. None of the depositions were concluded.  Both
17 Plaintiffs ended their depositions because they were physically/mentally unable to proceed.  Mr.
18 Landa was deposed for approximately four hours and Mr. Medrano was deposed for
19 approximately three hours and forty-five minutes.  Mr. Reyes was deposed for about six hours,
20 and Defense counsel has agreed to produce Mr. Reyes for more additional deposition time;

21 　　　　WHEREAS, the parties are attempting to schedule the resumption of Mr. Landa's
22 deposition during the week of December 5-9, 2011, but are having difficulties finding a date on
23 which Mr. Burns, Mr. Gordon, and Mr. Shapazian are all available;. The parties are also
24 attempting to schedule dates for the resumption of Mr. Medrano's and Mr. Reyes' depositions. ;

25 　　　　WHEREAS, the Parties have scheduled the deposition of Richard Hamlin, Genco's
26 former Fresno Facility Manager, on December 13, 2011, in Indianapolis, Indiana.  Plaintiffs'
27 counsel were attempting to schedule the depositions of other former Genco managers Angela
28 Madrid and Victoria Torres for November 29, 2011 but Genco's representative is unavailable on

that date.  Counsel for both Defendant and Plaintiffs anticipate scheduling further depositions as well;

WHEREAS Plaintiffs' counsel are unavailable for further depositions from approximately December 14, 2011 through the end of January 2012, due to the year-end holidays, Mr. Gordon's month-long Fresno County Superior Court trial scheduled to commence on January 3, 2012, and Mr. Shapazian's two trials in January, 2012;

WHEREAS, counsels' unavailability precludes the Parties from holding any depositions from December 14, 2011 through the end of January, 2012, and, given the February 7, 2012 non-expert discovery deadline and the May 15, 2012 dispositive motion filing deadline, threatens Defendant's right to due process in that Defendant will be unable to complete discovery and prepare dispositive motions by the current deadlines and thus be denied its right to defend against what it believes to be meritless claims and Plaintiffs will be unable to complete discovery necessary to oppose Defendant's dispositive motion;

WHEREAS, if the Parties had not stipulated or if the Court were to deny the Parties' stipulation, Defendant will have no alternative other than to file a Motion to extend discovery deadlines and/or trial and related dates.  Defendant prefers, however, to avoid the time and expense of a motion and has therefore requested that Plaintiffs' counsel stipulate to continue the dates as stated below;

IT IS HEREBY STIPULATED AND AGREED by and among the Parties that all dates and deadlines in the current Scheduling Order shall be extended three months or as close thereto as the Court's calendar will permit.[1]  Should the Court agree to extend all dates three months, the Parties propose that the current deadlines and dates shall be modified as follows (or as close thereto as the Court's calendar will permit):

---

[1]/    The parties note the Court's concern about adjusting trial schedules, given the current case load of the District Judges.  If the Court is unable to accommodate a three-month extension of the current trial date, Defendant will consent to the jurisdiction of a magistrate judge for all purposes going forward in this case including trial in order to extend the current dates and deadlines as requested herein.  Plaintiffs' counsel will also confer with their clients to determine if they will also consent to the jurisdiction of a magistrate judge for all purposes in this case.

4

Stipulation to Continue Trial Date and All Pre-Trial Dates and Deadlines or, Alternatively, to Continue Certain Pre-Trial Dates and Deadlines; Case No. 10-CV-01555-LJO-SKO

| | **Deadline/Date** | **Proposed Schedule** |
|---|---|---|
| 1. | **Non-Expert Discovery Deadline** | **April 24, 2012** |
| 2. | **Expert Disclosure** | **April 24, 2012** |
| 3. | **Settlement Conference** | **April 24, 2012** |
| 4. | **Rebuttal Expert Disclosure** | **May 16, 2012** |
| 5. | **Expert Discovery Deadline** | **June 8, 2012** |
| 6. | **Non-Dispositive Motion Hearing Deadline** | **July 18, 2012** |
| 7. | **Dispositive Motion Hearing Deadline** | **September 11, 2012** |
| 8. | **Pre-Trial Conference** | **October 23, 2012** |
| 9. | **Trial** | **December 3, 2012** |

ALTERNATIVELY IT IS HEREBY STIPULATED AND AGREED by and among the Parties that if the Court does not agree to continue the current trial date (and all pre-trial deadlines) three months, that the current deadlines and dates shall be modified as follows (or as otherwise deemed appropriate by the Court given an approximate requested extension of three months):

| | **Deadline/Date** | **Proposed Schedule** |
|---|---|---|
| 1. | **Non-Expert Discovery Deadline** | **March 20, 2012** |
| 2. | **Expert Disclosure** | **March 20, 2012** |
| 3. | **Rebuttal Expert Disclosure** | **April 3, 2012** |
| 4. | **Expert Discovery Deadline** | **May 4, 2012** |
| 5. | **Non-Dispositive Motion Hearing Deadline** | **May 22, 2012** |
| 6. | **Settlement Conference**[2] | **June 5, 2012** |
| 7. | **Dispositive Motion Hearing Deadline** | **June 26, 2012** |
| 8 | **Pre-Trial Conference** | **August 7, 2012** |
| 9. | **Trial** | **September 18, 2012** |

---

[2]/   The Parties are currently meeting and conferring with regard to the prospect of private mediation after Plaintiffs' depositions are completed.

1   IT IS SO STIPULATED

2

3   DATED: November 23, 2011						SEYFARTH SHAW LLP

4

5									By /s/ Matthew J. Mason_____
									    Michael J. Burns
									    Matthew J. Mason
6									Attorneys for Defendant
									GENCO I, INC.
7

8   DATED: November 23, 2011						LAW OFFICE OF DEAN B. GORDON

9

10									By /s/ Dean B. Gordon_____
									    Dean B. Gordon
									Attorneys for Plaintiff
11									ALBERTO LANDA

12  DATED: November 23, 2011						TOMASSIAN, PIMENTEL & SHAPAZIAN

13

14									By /s/ Larry H. Shapazian_____
									    Larry H. Shapazian
15									Attorneys for Plaintiff
									ROBERTO MEDRANO
16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

The parties having so stipulated, and GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

The current Scheduling Order in this case shall be modified and all dates and deadlines shall be continued three months. The new dates and deadlines shall be as follows:

| **Deadline/Date** | **Proposed Schedule** |
| --- | --- |
| 1. Non-Expert Discovery Deadline | April 24, 2012 |
| 2. Expert Disclosure | April 24, 2012 |
| 3. Settlement Conference | April 24, 2012 |
| 4. Rebuttal Expert Disclosure | May 16, 2012 |
| 5. Expert Discovery Deadline | June 8, 2012 |
| 6. Non-Dispositive Motion Hearing Deadline | July 18, 2012 |
| 7. Dispositive Motion Hearing Deadline | September 11, 2012 |
| 8. Pre-Trial Conference | October 24, 2012 |
| 9. Trial | December 4, 2012 |

The parties have indicated that they may be willing to consent to the jurisdiction of the magistrate judge. Given the district court's impacted trial calendar, consent is highly encouraged.

IT IS SO ORDERED.

Dated:   **November 29, 2011**               /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE