# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO MEDRANO and ALBERTO LANDA, | CASE NO. 1:10-cv-01555-LJO-SKO |
| Plaintiffs, | **ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO COMPEL** |
| v. | (Docket No. 57) |
| GENCO SUPPLY CHAIN SOLUTIONS aka GENCO DISTRIBUTION SYSTEMS and GENCO, INC., | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO QUASH** |
| Defendants. | (Docket Nos. 55, 56) |
| | **ORDER DENYING PLAINTIFF LANDA'S SUPPLEMENTAL MOTION TO QUASH** |
| / | (Docket No. 58) |

On January 9 and 10, 2012, Plaintiffs Roberto Medrano ("Medrano") and Alberto Landa ("Landa") filed a motion to quash employment record subpoenas and an amended motion to quash employment record subpoenas, respectively. (Docs. 55, 56.) On January 11, 2012, Defendant

1  Genco Supply Chain Solutions ("Genco") filed a motion to compel the depositions of both Plaintiffs.
2  (Doc. 57.) On January 30, 2012, Landa filed a supplemental motion to quash. (Doc. 58.) The
3  motions were all noticed for hearing on February 15, 2012.

4      The matters were heard on February 15, 2012. Dean Gordon, Esq., and Larry Shapazian,
5  Esq., personally appeared on behalf of Plaintiffs; Michael Burns, Esq., appeared telephonically on
6  behalf of Genco. The parties presented argument on the record, the matters were submitted for
7  decision, and the motions were ruled upon in open court and on the record.

8      For all the reasons set forth on the record in open court, which shall not be reiterated in this
9  order, IT IS HEREBY ORDERED that:

10      1.    Genco's Motion to Compel Plaintiffs' Depositions is GRANTED IN PART and
11          DENIED IN PART, as follows:
12          a.    The motion to compel the deposition of Plaintiff Landa is DENIED AS
13              MOOT because the deposition was completed on February 13, 2012;
14          b.    The motion to compel the deposition of Plaintiff Medrano on February 27,
15              2012, is GRANTED; and
16          c.    Genco's request for its reasonable attorney's fees incurred in filing the motion
17              to compel as a sanction against Plaintiffs is held in abeyance until the
18              deposition of Plaintiff Medrano is completed on February 27, 2012;
19      2.    Genco's request for additional time to conduct further deposition of Plaintiff Landa
20          was agreed to by all counsel, and a further deposition consisting of not more than
21          four (4) hours of on-the-record-time as to Plaintiff Landa is GRANTED;
22      3.    Genco's request for additional time to conduct a further deposition of Plaintiff
23          Medrano is premature and is DENIED as such;
24      4.    A further telephonic conference is SET for February 29, 2012, at 9:00 a.m., to
25          discuss Genco's request for additional time to depose Plaintiff Medrano; if the parties
26          agree to additional time to depose Plaintiff Medrano or no additional time is needed,
27          the parties may file a stipulation requesting that the February 29, 2012, telephonic
28

1  conference be vacated;

2  5.  Plaintiffs' Motion to Quash is GRANTED IN PART AND DENIED IN PART as follows:

   a.  Prior notice of the issuance of the subpoenas to Plaintiffs was adequate pursuant to Federal Rule of Civil Procedure 45, and the motion to quash on the ground that prior notice was not adequate is DENIED;

   b.  The subpoenas served on Tucker Rocky Distribution Center, Wal-Mart Distribution Center, PR Farms, Hydratech, and American Building Maintenance ("Previous-Employer Subpoenas") are overbroad to the extent they each required production of "any and all documents contained in the personnel file" of either Plaintiff. As such, the subpoenas are MODIFIED to exclude this overbroad request, and to this limited extent, Plaintiff's motion to quash is GRANTED;

   c.  Plaintiffs' motion to quash the Previous-Employer Subpoenas in their entirety is DENIED;

   d.  Plaintiffs' privacy objection is OVERRULED; privacy concerns will be adequately addressed by a protective order to which the parties may stipulate. If the parties are unable to stipulate to a proposed protective order, Plaintiffs may submit a proposed protective order to the Court without a stipulation, which will be favorably considered by the Court;

6.  Plaintiff Landa's Supplemental Motion to Quash is DENIED as follows:

   a.  The subpoenas served on Sun Maid Raisins Growers of California, MN Best Buy Company, Inc., Sears Roebuck & Co.; Kohl's Department Stores, Inc., the TJX Companies, United Parcel Service Co., and Federal Express Corporation were limited in scope and sought relevant information. As such, the motion to quash these subpoenas is DENIED;

   b.  The subpoena served on Select Specialized Staffing, Inc. sought relevant

information and was tailored in scope; as such, the motion to quash this subpoena is DENIED;

c. The Supplemental Motion to Quash was filed and set for hearing without proper notice pursuant to the Eastern District's Local Rule 230, and Plaintiff did not seek an order to shorten time; thus, the motion is also DENIED on procedural grounds.

IT IS SO ORDERED.

**Dated:   February 16, 2012**              /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE

4